■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PETER STURNIALO, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated January 7, 1972, which, after a hearing, granted defendant's motion to suppress certain oral statements allegedly made by him. Order affirmed. Defendant and his codefendants were alleged to have robbed an employee of a supermarket at gunpoint on February 13, 1970, as the latter was about to make a bank deposit of the gross receipts of that day. They were indicted on July 30, 1971 for the crime of robbery and other related crimes. Defendant pleaded not guilty to the crimes charged and then moved to suppress oral statements allegedly made by him to the police. A suppression hearing was held, at which time it was revealed that defendant and his father had entered a police station in response to a message left at their house by a detective that he wished to see defendant. After defendant received the *Miranda* warnings he was asked some questions. Shortly thereafter defendant's father departed to seek the services of an attorney. Some time later, the attorney retained by the father called the stationhouse and told a police officer who he was and that he did not want defendant questioned. Defendant was informed of his lawyer's telephone call, but he was not told that his lawyer had said that he was not to be further questioned. Defendant was then given the *Miranda* warnings again, after which he was interrogated. A police officer testified at the hearing that after defendant was informed of his constitutional rights for the second time he made certain incriminating oral statements. However, defendant denied having made such statements. We believe the hearing court went beyond its jurisdiction in holding that defendant did not make any oral statements, since this determination should be left to the jury. Nevertheless, the court correctly held that even if defendant did make the alleged oral statements they would not be admissible, because he was questioned by the police in contravention of his attorney's demand that he not be questioned. Defendant should have been told immediately that his lawyer did not wish him to give any further statements. Where a defendant's attorney requests to see his client, the right to counsel attaches and if the demand is ignored any statement taken thereafter is inadmissible (*People* v. *Donovan*, 13 N Y 2d 148; *People* v. *Hetherington*, 27 N Y 2d 242). This rule applies to a case where, as here, a retained attorney, not physically present at the place where the client is in

custody, informs the police that he represents the defendant and does not wish him to be questioned (*People* v. *Gunner,* 15 N Y 2d 226). Gulotta, Christ and Benjamin, JJ., concur; Munder, Acting P. J., dissents and votes to reverse the order and to deny the motion, with the following memorandum, in which Mr. Justice Latham concurs: Defendant contends, and the majority concludes, that certain alleged oral admissions made by him at the stationhouse were inadmissible because they were obtained by means of interrogation in the absence of counsel. I cannot agree. The record shows that just before defendant made the admissions in question, one of the police officers said to one of his colleagues, in the presence of the defendant, "Go out and round up the complainants." At this, and without any prompting or questioning by the police, defendant blurted out, "Don't bother getting the complainants. I would like to talk to you." The record shows that defendant further stated to the officer, "I want to talk to you alone" and "I will deny talking to you." This was not in response to questioning but, to use the officer's words, just "normal conversation". Only *after* defendant made these statements did the officer begin to question him about the details of his part in the crime. As noted in *People* v. *Robles* (27 N Y 2d 155, 158), "The settled principle is that not every conversation between police and accused is unlawful." Or as stated in *Watts* v. *Indiana* (338 U. S. 49, 53), "A statement to be voluntary of course need not be volunteered." (See, also, *People* v. *Kaye,* 25 N Y 2d 139, 144.) The test for admissibility is whether there is evidence of conduct which would indicate an intention to victimize a defendant or outwit his attorney in order to carry on an inquiry (*People* v. *Robles, supra,* p. 159). In this case, the initial statement made to the police officer was not the result of "inquisitorial" process. Further, the fact that defendant was not told of his attorney's request that he not be questioned was not evidence of an intent to victimize defendant or outwit the attorney. Defendant *was* informed of his lawyer's telephone call and then, for the second time, was given the *Miranda* warnings. He chose to speak rather than remain silent. I see no reason to suppress his admissions.